### EZRA TRULL *versus* TIMOTHY FULLER.

A " clapboard machine and a shingle machine," fastened into a saw mill to be there used, are to be considered a part of the realty, and pass to the creditor or purchaser by a levy upon the real estate, or a sale thereof.

If such machines, remaining in the saw mill, and being used with it, during the whole time, are mortgaged to another, and the mortgage is recorded in the town clerk's office, but not in the registry of deeds for the county, and. afterwards a levy is legally made upon the land, mill and appurtenances, the machines pass with the mill as real estate.

To convey that which constitutes a part of the real estate, but which by a severance may become a chattel, so as to be effectual against those who are not excepted in the statute, the same formalities are required as to convey the land, unless a severance first takes place.

THIS case came before the Court, upon the following state-- ment of facts : —

" Trover for a shingle machine and clapboard machine. The conversion was alleged to have been on July 15, 1844. The general issue was pleaded and joined.

" To maintain the issue, the plaintiff introduced a mortgage from one Jacob Chamberlain to him, dated April 21, 1840, and recorded in the records of the town of Lincoln, where said Chamberlain lived, and where said machines were situated' on the 24th April, 1840.

" It appeared, that the plaintiff made a demand on the de-- fendant for the machines in July, 1844, before the commencement of the plaintiff's action. Said mortgage, or a copy thereof made on a former trial, may be referred to as part of the case without being copied.

" The defendant, on his part, introduced the record of a levy of an execution in favor of one William Ingalls, under whom he claimed, against said Chamberlain, from which it appeared that judgment was rendered on the first day of October, A. D. 1840, and execution was issued on October 5th, 1840, and a levy on the 24th October, 1840, on a certain saw mill in Lincoln, and said shingle machine and clapboard machine, situate in said saw mill, and as part of the real estate so levied upon. The record of said levy may be referred to by either party, without being copied. A copy of the writ, declaration and specifications in *Ingalls* v. *Chamberlain*, on which said judgment was founded and execution issued, with the officer's return thereon, also a copy of his return on said writ, left in the office of the register of deeds for the county of Penobscot, may be referred to, by either party, and so far as they are admissible evidence, may be considered by the Court as part of the case.

" Joseph M. Kimball, called for the defendant, testified as follows : —

" I put up the clapboard machine for Jacob Chamberlain in 1834, in the lower story of the saw mill. It was fastened at one end by two knees, and at the other by a knee or stick of timber. It was fixed so that it would rise and fall, but it could not be taken away without prying up the knees. The shingle machine was fastened to the floor by spikes, or nails, and keys. I put it up in 1838.

" On cross-examination he testified as follows : —

" The knees were not fastened to the clapboard machine. The shingle machine set on three sticks of timber, sixteen inches deep, which were made fast to the floor, and some spikes or nails were driven in at one end of the frame, and some keys upon the side to fasten the machine to the timber, and by taking out the nails or spikes and keys, the machine could be removed ; and the witness further said, that he has known shingle machines to be removed from mills, and a clapboard machine could be taken out by raising it over the knees without removing the knees.

· "Franklin Mussey, called for plaintiff, testified as follows:— I have known machines to be moved from one mill to another.

"On cross-examination, he said:—I knew it in one instance from Orland to Carmel. I did not take it out of the mill, and do not know how the mill referred to, was fastened, but I presumed it was fastened in the usual way. I sold this clapboard machine to Doct. Chamberlain.

"The main body of a clapboard machine is placed on wooden screws for the purpose of raising and falling it, and adjusting it to the log or cut to be sawed. There are two pieces of timber, three or four feet long on which the saw shaft runs. These are fastened to the floor. The saw shaft is fastened by the boxes in which it runs. The boxes are fastened by lead run into the timber. The shaft may be removed without the boxes. The boxes are a part of the machine.

"It was admitted that the clapboard machine in controversy was fastened in the same manner. Both machines were geared in the usual way.

"The witness further said, that the machines could not be taken out, without taking up the timber.

"If, in the opinion of the whole Court, the action is maintainable upon the foregoing evidence, or so much thereof as is legally admissible, the defendant is to be defaulted and judgment is to be entered for the sum of $70,60, with interest thereon from the 4th day of January, 1846; but if in their opinion the action is not maintainable, the plaintiff is to become nonsuit.        "J. S. Rowe, for plaintiff.

"Fred. Hobbs, for defendant."

No copies of any of the papers referred to in the statement came into the hands of the Reporter.

*Rowe*, for the plaintiff, contended that the attachment in the suit which was the foundation of the levy, under which the defendant claims, was void, because there was no such specification of the claim as the statute requires.

The making and recording of the mortgage of the machines,

operated as a severance of the machines from the land, and made them personal estate.

*Hobbs*, for the defendant, said that it had already been decided in this case, that the machines were real estate. The mortgage could not make real estate personal. Being of a portion of the real estate, and not being recorded in the registry for the county, and no notice to the defendant pretended, the mortgage can have no effect whatever.

It is wholly immaterial whether the attachment was good or not. . The real estate, and the machines as a part of it, passed by the levy.

The opinion of the Court, SHEPLEY, TENNEY and WELLS Justices, was drawn up by

TENNEY J. — It is competent for the owner of real estate to sell upon good and sufficient consideration, fixtures thereon, which would pass under a conveyance of the realty, if they were not excepted. The purchaser would be entitled to sever the same within the time stipulated, or if no time was agreed upon, within a period, which under all the circumstances, and according to the character of the subject of the purchase, would be deemed reasonable. But without a severance, or some indication, actual or constructive, that they had been sold, they would, as between the purchaser and attaching creditors, or subsequent purchasers of the real estate to which they attached, be considered as still a part of the freehold.

A conveyance of real estate to be valid, excepting against the grantor, his heirs, devisees and those having actual notice, must be by deed acknowledged and recorded in the office of the Register of deeds in the county where the estate is situated. Rev. St. c. 91, § 1, 24 and 26. These provisions are substantially the same as those of the statutes of 1821, c. 136, § 1.

It follows, that to convey that which constitutes a part of the real estate, but which by a severance may become a chattel, so as to be effectual against those who are not excepted in the statute, the same formalities are required, unless a

Trull *v.* Fuller.

severance takes place. Against those who can legally insist upon these formalities, the interest attempted to be sold does not become personal property, till there is a severance in fact, or until all that is required to convey real estate is perfected; before its former character can be changed by a sale, the sale must be such, as is necessary to convey property of that character; by a performance of a part only of what is required to pass a title to real estate, it does not cease to be what it was, prior to the first steps taken towards a conveyance.

This construction is not only necessarily inferred from the provisions of the statute, but upon a different construction, the registration law would be but an imperfect security to the grantees of real estate. It is often the case, that the most valuable portion of the estate referred to, in a deed of conveyance, are the buildings and fixtures thereon; and it is understood, that the title which a grantee obtains by a deed of land, is whatever the registry shows to be that of the grantor, unless he has actual notice of a different state of the title. This embraces not only the soil, but whatever is attached thereto, making a part of the freehold. If the owner could without a severance and without the forms required, for the transfer of real estate, transmit machines in a mill or factory, as personal chattels, when they are so situated as to make a part of the freehold, while held by him, he could in the same manner convey the mill or factory or any buildings standing upon the land described in the deed by which he should subsequently convey the land to another, having no notice of the previous sales of the buildings.

The registry in the town clerk's office of mortgages of personal property, is intended to be of that property which was personal before it was mortgaged; it is unnecessary that the instrument which is the evidence of an absolute sale of chattels should be recorded at all; and it could not have been designed that a mortgage of that, which was a part of the realty, before the mortgage was executed, should be recorded in the office of the town clerk, instead of the registry of deeds;

nothing short of the latter could be constructive notice to attaching creditors or subsequent purchasers.

The machines which are in controversy, in this suit, have been decided to be a part of the real estate in a former hearing of this case. There is no evidence, that they were severed from the freehold, before the levy, under which the defendant claims, or that he was notified of the. mortgage to the plaintiff. The mortgage was not recorded in the office of the register of deeds of the county where the land was situated, but it was recorded in the town clerk's office, in the town where the mortgager resided, before the levy. In every respect, the plaintiff treated the machines as personal chattels, and not as partaking of the character of a part of the real estate on which they were placed. The steps taken were insufficient to give him title as against the creditor, who made the levy upon the real estate.

This view renders it unnecessary to consider whether there was a valid attachment upon the writ in the action, which resulted in the judgment on which the levy was made.

*Plaintiff nonsuit.*